KSC/12.23.22

✓ FILED    ___ ENTERED
____ LOGGED    _____ RECEIVED

3:18 pm, Dec 27 2022
AT BALTIMORE
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY _____kn_____ Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL NO. SAG 22-cr-459 |
| v. | * | |
| MICHAEL ANTHONY HOLLAND, | * | (Conspiracy to Distribute and Possess With Intent to Distribute Controlled Substances, 21 U.S.C. § 846; Forfeiture, 21 U.S.C. § 853, 28 U.S.C. § 2461(c), Fed. R. Crim. P. 32.2(a)) |
| Defendant. | * | |

*******

# INFORMATION

### COUNT ONE
### (Conspiracy to Distribute and Possess With Intent to Distribute Controlled Substances)

The U.S. Attorney for the District of Maryland charges that:

From in or about September, 2021, to on or about February 24, 2022, in the District of Maryland and elsewhere, the defendant,

**MICHAEL ANTHONY HOLLAND,**

did knowingly, willfully, and unlawfully combine, conspire, confederate and agree with others known and unknown to distribute and possess with intent to distribute five (5) kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of 21 U.S.C. Section 841.

21 U.S.C. § 846; 21 U.S.C. § 841(b)(1)(A).

## FORFEITURE

The U.S. Attorney for the District of Maryland further charges that:

1. Pursuant to Fed. R. Crim. P. 32.2, notice is hereby given to the Defendant that the United States will seek forfeiture as part of any sentence in accordance with Title 21, United States Code, Section 853, and Title 28, United States Code, Section 2461(c), in the event of the Defendant's conviction(s).

### Narcotics Forfeiture

2. Pursuant to 21 U.S.C. § 853(a), upon conviction of an offense in violation of the Controlled Substances Act, as alleged in Count One of the Information, the Defendant shall forfeit to the United States:

   a. any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such violations; and

   b. any property used or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violations.

3. The property to be forfeited includes any funds that were furnished or intended to be furnished in exchange for controlled substances and constitutes proceeds traceable to such exchanges and was used or intended to be used to facilitate a violation of the Controlled Substances Act.

### Property Subject to Forfeiture

4. The property to be forfeited includes, but is not limited to, the following:

   a. 2014 Audi A7, Maryland registration 2EF5860, VIN: WAUWGAFC9EN061304.

   b. One Polymer 80 handgun, 40 caliber, serial number: none

  c. One Magazine for above Polymer 80 handgun, containing approximately seven (7) 40 caliber rounds of ammunition;

  d. One box of PMC Bronze 40 caliber Smith & Wesson ammunition containing approximately 40 rounds; and

  e. One SARACDIS Shotgun, model Emperor, 12 gauge, serial number 20BHP036 containing approximately three shotgun shells.

## Substitute Assets

4. Pursuant to 21 U.S.C. § 853(p), if any of the property described above as being subject to forfeiture, as a result of any act or omission by the Defendant:

  a. cannot be located upon the exercise of due diligence;

  b. has been transferred or sold to, or deposited with, a third person;

  c. has been placed beyond the jurisdiction of the Court;

  d. has been substantially diminished in value; or

  e. has been comingled with other property which cannot be subdivided without difficulty,

it is the intent of the United States to seek forfeiture of any other property of the Defendant up to the value of the property charged with forfeiture in the paragraphs above.

Fed. R. Crim. P. 32.2.
21 U.S.C. § 853.
28 U.S.C. § 2461(c).

*Erek L. Barron*  *Tamera L. Fine*  
Digitally signed by TAMERA FINE  
Date: 2022.12.27 10:24:11 -05'00'

Erek L. Barron  
United States Attorney

12/27/2022  
_____  
Date

3